THE HONORABLE RICHARD A. JONES

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BAYLEY CONSTRUCTION, a Washington general partnership, consisting of BAYLEY KEY MEMBERS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et al.,<br><br>Defendants. | No. 2:09-cv-00166 RAJ<br><br>**ORDER** |

### I. INTRODUCTION

This matter comes before the court on Defendants' motion for a protective order (Dkt. # 32). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court DENIES the motion (Dkt. # 32).

ORDER - 1

## II. BACKGROUND

This lawsuit arises from the Plaintiff's claim for insurance coverage from the Defendants,[1] as a result of a lawsuit filed against the Plaintiff in Oregon state court. The Oregon lawsuit was settled, and the Defendants in this lawsuit paid the settlement fund. As a result of that settlement, the Plaintiff dismissed its claims for a defense against Travelers and Wausau and assigned to American Guarantee, Travelers, and Wausau its non-dismissed claims for indemnity. *See* Def.'s Am. Cross-Cl. (Dkt. # 20) ¶¶ 13-14.

A deposition of Travelers' Fed. R. Civ. P. 30(b)(6) designee is scheduled for March 12, 2010. American Guarantee identified topics that it planned to address at the deposition. *See* Smith Decl. (Dkt. # 33), Ex. B. Travelers contacted American Guarantee to object to six topics. *See id.*, Ex. D. American Guarantee responded that because all the proposed topics are relevant, Travelers would need to obtain a protective order to prohibit those lines of questioning. *See id.*, Ex. E. Travelers then filed this motion for a protective order, and National Union filed a joinder.

## III. ANALYSIS

### A. Legal Standards.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). But for good cause, a court may enter a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). A party seeking a protective order must certify that it has "in

---

[1] The Defendant insurance companies fall into four groups: American Guarantee and Liability Insurance Company ("American Guarantee"); Travelers Property Casualty Company of America, St. Paul Mercury Insurance Company, and St. Paul Fire and Marine Insurance Company (collectively "Travelers"); National Union Fire Insurance Company of Pittsburgh ("National Union"); and Wausau Business Insurance Company ("Wausau").

ORDER - 2

good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

## B.   Travelers Attempted to Resolve This Dispute Without Court Intervention.

American Guarantee's first argument in opposition to Travelers' motion is that Travelers failed to meet and confer regarding these objections before filing the motion, as required by Rule 26, despite the regular communication between the parties regarding discovery.

The court finds this argument lacks merit. The e-mail exchanges in the court record make clear that Travelers informed American Guarantee of its objections, American Guarantee nonetheless asserted that the objections were not well-founded and suggested that Travelers file a protective order if it wanted to limit discovery. It is true that Travelers and American Guarantee discussed other discovery matters during this time period, but that does not negate Travelers' attempt to confer regarding these objections, American Guarantee's unwillingness to specifically discuss the objections, or American Guarantee's suggestion that Travelers file a motion for protective order. Under these circumstances, the court finds that Travelers met its meet-and-confer obligation.

## C.   The Court Does Not Find Good Cause to Limit Discovery at This Time.

Some of Travelers' objections are now moot[2] as a result of the parties' clarifications of their positions in the briefing, but there are three areas of inquiry still

---

[2] The parties agree that no privileged information will be sought or disclosed, that questioning regarding the factual (not legal) bases for Travelers' cross-claims and affirmative defenses are appropriate, and that the interpretation of any party's insurance policy is not discoverable. *See* Def.'s Opp'n (Dkt. # 38) and Defs.' Reply (Dkt. # 41).
   To some degree the parties also appear to agree that the timing/extent/amount of property damage is a relevant area of inquiry, because it relates to indemnity. *Compare* Def.'s Opp'n (Dkt. # 38) at 8 *with* Defs.' Reply (Dkt. # 41) at 4-5. Some understanding has also been reached regarding the allocation of damages, in that Travelers has clarified that its discovery requests do not seek an allocation of damages claimed in the underlying suit, but only the identification of the property damage resulting from Plaintiff's work. *See* Defs.' Reply (Dkt. # 41) at 5-6.

ORDER - 3

in dispute: Plaintiff's defense claim (including but not limited to the investigation, handling, approving, adjusting and resolving of the claim), the timing/extent/amount of the property damage, and the allocation of damages between the parties in the underlying lawsuit.  According to Travelers, the only relevant issue in this lawsuit is indemnity, and therefore American Guarantee should not obtain discovery regarding these three topics to the extent that they are unrelated to indemnity.

In their Joint Status Report, the parties described this lawsuit as "a declaratory judgment action seeking a determination concerning Defendants' coverage obligations under the policies issued to [Plaintiff] and arising from the [u]nderlying [s]uit, as well as a determination of the respective rights and obligations Defendants have to each other." Joint Status Report (Dkt. # 7) ¶ 1.[3]

According to Travelers, the only issue being litigated between American Guarantee and Travelers is the extent of the indemnity obligation owed to the Plaintiff.  Travelers further asserts that there is no issue as to additional insured issues alleged by any party, and American Guarantee has no claims related to the Plaintiff's defense costs that were paid by Travelers and Wausau.  Thus, Travelers requests that the court prohibit American Guarantee from seeking discovery related to defense or additional insured claims because those issues are irrelevant to this lawsuit.

American Guarantee does not agree that this lawsuit presents only indemnity issues.  According to American Guarantee, the line between indemnity and defense is not so clear, because part of Travelers' defense obligation involved an assessment of the insured's liability, the damages likely to be recovered against the insured if the case is not settled, whether there are coverage defenses available, and whether there

---

[3] On March 11, 2010, the court requested via e-mail that the parties clarify their positions on the scope of the issues presented in this lawsuit, in light of the fact that the parties' positions in the briefing seemed more ambiguous than this statement in the Joint Status Report.  The summaries of the parties' positions in the following two paragraphs are based on the parties' responses to the e-mail.

ORDER - 4

are other insurers (such as additional insured carriers) with obligations to the insured. American Guarantee contends that these issues — which could be classified as "defense" issues — are relevant to this lawsuit because they are relevant to the rights and obligations the Defendants have to each other.

The court is reluctant to define the scope of the issues presented in this case by way of a discovery ruling. The extent to which the briefing and the e-mail correspondence reveals fundamental disagreements between the parties is of some concern to the court, yet it is not clear that these disagreements must be resolved before the deposition goes forward. The parties are free to memorialize any objections on the record, but the court cannot find that there is good cause to definitively resolve relevance objections to questions that have not been identified by the parties. Thus, in the spirit of full and broad discovery, the court will deny Travelers' motion.

The court will also deny American Guarantee's request for fees incurred as a result of this motion, however. As noted above, American Guarantee refused to substantively discuss Travelers' objections and suggested that Travelers request a protective order. Under those circumstances, it would be unjust to award fees to American Guarantee. *See* Fed. R. Civ. P. 37(a)(5)(B).

### IV.   CONCLUSION

For the reasons stated above, Travelers' motion (Dkt. # 32) is DENIED.

DATED this 11th day of March, 2010.

/s/ Richard A. Jones

The Honorable Richard A. Jones
United States District Court

ORDER - 5